IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:19-CV-483-FL

| | |
|---|---|
| ERIC WAYNE YOUNG and WILMA JEAN YOUNG, ) ) ) Plaintiffs, ) ) v. ) ) LAKE ROYAL PROPERTY OWNERS ) ASSOCIATION; LAKE ROYALE ) PRIVATE COMPANY POLICE; TRACY ) CLAY, Lake Royale Association Manager; ) NICOLE CLIFT, Lake Royale Building ) Inspector; RYAN WALKER, Lake Royald ) Board of Directors Mamber, and Former ) LRPOA Present, Owner of Pine Ridge ) Realty; RAGSDALE LIGGETT PLLC, ) Lake Royale Attorneys; and FRANKLIN ) COUNTY DEPARTMENT OF SOCIAL ) SERVICES, ) ) Defendants.[1] ) | ORDER |

This matter is before the court for review of plaintiffs' pro se complaint pursuant to 28 U.S.C. § 1915(e). United States Magistrate Judge Kimberly A. Swank entered memorandum and recommendation ("M&R"), pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), wherein it is recommended that plaintiffs' complaint be dismissed in part and be allowed to

---

[1] Plaintiffs' complaint inconsistently references "Lake Royal Property Owners Association" and "Lake Royale Property Owners Association." (Compare Compl. 1, with id. at 2). It is clear from context, however, that Lake Royale Property Owners Association is the intended party and references by plaintiff to Lake Royal are typographical errors. Accordingly, the clerk of court is DIRECTED to amend the caption of the case in the court's Case Management/Electronic Case Filing ("CM/ECF") system to reflect the spelling of this defendant as "Lake Royale Property Owners Association". There are additional typographical errors in the designation on the case caption in the CM/ECF system for defendant "Ryan Walker, Lake Royald [sic] Board of Directors Mamber [sic], and Former LRPOA Present [sic], owner of Pine Ridge Realty." Accordingly, the clerk is further DIRECTED to amend the caption of the case in the court's CM/ECF system for this defendant to instead state: "Lake Royale Board of Directors Member, and Former LRPOA President, Owner of Pine Ridge Realty."

proceed in part.  Plaintiffs did not file objections to the M&R, and the time within which to make any objection has expired.  In this posture, the issues raised are ripe for ruling.

Upon a careful review of the M&R, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  Because no objections have been filed, the court reviews the magistrate judge's findings and conclusions only for clear error, and need not give any explanation for adopting the M&R.  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983).

Here, the magistrate judge recommends dismissal of plaintiffs' constitutional claims, construed as arising under 42 U.S.C. § 1983, against private entities and individuals named as defendants for failure to allege government conduct and against defendant Franklin County Department of Social Services as facially implausible.  In contrast, the magistrate judge recommends that the court allow to proceed plaintiffs' Federal Housing Act ("FHA") discrimination and retaliation claims against defendants Lake Royal Property Owners Association ("LRPOA"), Lake Royale Private Company Police ("LRPCP"), Tracy Clay, Nicole Clift, and Ryan Walker.  The magistrate judge further recommends that the court allow plaintiffs' FHA retaliation claim against defendant Ragsdale Liggett PLLC to proceed forward, but dismiss the same claim against defendant Franklin County Department of Social Services.  Finally, the magistrate judge recommends that all of plaintiffs' Civil Rights Act of 1964 claims be dismissed for failing to state a claim.

Upon careful review of the M&R and the record in this case, the court finds the magistrate judge's analysis to be thorough, and there is no clear error.  Therefore, the court hereby ADOPTS the recommendation of the magistrate judge as its own.  For the reasons stated therein, defendant

2

Franklin County Department of Social Services is DISMISSED from this action.  Plaintiffs' FHA discrimination and retaliation claims are ALLOWED to proceed as to defendants LRPOA, LRPCP, Clay, Clift, and Walker.  Additionally, Plaintiffs' FHA retaliation claim against defendant Ragsdale Liggett PLLC is ALLOWED to proceed.  Finally, plaintiffs' §1983 and Civil Rights Act of 1964 claims are DISMISSED without prejudice.  The clerk of court is DIRECTED to serve plaintiffs' complaint by US Marshal in accordance with Federal Rule of Civil Procedure 4(c)(3).  The clerk is further DIRECTED to amend the caption as described in the footnote herein.

    SO ORDERED, this the 12th day of November, 2020.

_____<br>
LOUISE W. FLANAGAN<br>
United States District Judge